Wilson, J.,
delivered the opinion of the court.
Plaintiff in error, who was plaintiff in the lower court, alleges in his complaint, inter alia, that he was the payee in, and owner of a promissory note by which the maters promised to pay to him one year after date, the principal sum of $1,185.25 with interest from date at ten per cent per annum; that he sold and delivered the note to defendant on the date of its execution for the consideration of $1,185.25, to be paid to plaintiff by defendant “when said note should be collected;” that said note had been paid by its maters, and judgment was prayed for the amount so received by defendant. The answer was a general denial. Upon trial, evidence was offered on behalf of defendant and received over the *116 objections of plaintiff to the effect, that at the time of the transfer of the note plaintiff was indebted to defendant in a sum in excess of the amount expressed in the note, that the note Was assigned to and received by defendant in part payment of such indebtedness; that this was the sole consideration of the assignment, and that there was no promise by defendant to pay to plaintiff the amount of the note when collected or any part of it. Plaintiff claims that this evidence should only have been admissible in support of a special plea of payment, and that there was no such plea set up in the answer. We cannot take this view of it upon the facts presented. It is unnecessary to discuss the mooted question as to whether or not in this jurisdiction, proof of payment can be admitted under an answer setting up only a general .denial of the averments in the complaint. Whatever may be the rule it would not be necessary to invoke it in. the case at bar. This was not an action upon a note. The indebtedness of defendant according to the allegations in the complaint existed, if at all, by virtue of a promise of defendant, express or implied, to pay to plaintiff the amount of the note assigned to him when collected. The answer put in issue this promise. It denied that the debt sued upon ever existed, and the evidence objected to was in support of this denial by showing that the assignment of the note in question was made to and accepted by defendant as part payment on an indebtedness to him then owing by plaintiff. There was no attempt to prove that the indebtedness sued upon had been paid. There was an effort to show that the debt never had an existence, and the evidence objected to was to this effect. It was clearly admissible.
There was material conflict in the testimony given by the plaintiff and the defendant, who were the chief witnesses at the trial, hut the evidence as shown by the record, being sufficient to sustain the judgment it will not be disturbed.

Affirmed.